[No. 4388.]

## STATE BOARD OF EQUALIZATION ET AL. V. THE PEOPLE EX REL. THE ATCHISON, TOPEKA & SANTA FE RAILWAY COMPANY ET AL.

APPELLATE PRACTICE—SHORTENING TIME FOR FILING BRIEFS.

A motion by plaintiff in error under rule 18, asking that defendants in error be ruled to a shorter time for filing briefs will not be considered where the negligence of plaintiff in error in failing to have *scire facias* issued and served on defendants in error as required by the rules of the court is the cause of the case not being at issue.

*Error to the District Court of Pueblo County.*

*On Motion to Sh rten Time for Filing Briefs.*

Mr. C. C. POST, attorney general, and Mr. R. S. MORRISON for plaintiffs in error.

Messrs. WOLCOTT, VAILE & WATERMAN, Mr. E. E. WHITTED, Mr. HENRY T. ROGERS, Messrs. TELLER & DORSEY, Mr. CHAS. E. GAST, Mr. HENRY A. DUBBS and Mr. A. E. PATTISON, for defendants in error.

*Per Curiam.*—The plaintiffs in error, through their counsel the attorney general, ask for a rule upon the defendants in error to abridge the time for filing briefs, and base the application upon rule 18 of this court, which provides that, for good cause shown, the court may extend or abridge the time.

We cannot consider the merits of the application, for the record shows that they are not in a position to ask for the order. This cause has been pending in this court since August 13, 1901. Owing to the failure or neglect of the attorney general to cause a *scire facias* to be seasonably issued and served upon defendants in error, they were not in court at the September 1901 term, which was the next ensuing

term after the record was lodged here. Though repeatedly requested to do so, he did not file with the clerk a præcipe for a *scire facias* until the 4th day of December, 1901, and on the next day the same was issued as to part of the defendants in error—those whose residences were given—and made returnable to the January 1902 term of this court, and he was so notified. Not until December 30th was a præcipe as to the other defendants in error, with their respective residences, filed, and the writ was at once issued and delivered to the attorney general. Through failure or neglect to have the same promptly served, three of the defendants in error, the chief offices of at least two of whom are in Denver, were not served with process ten days before the return day thereof, though the time for it was ample, and under rule 2 of this court they were not required to appear in obedience thereto at the January, and not before the April, term of this court.

The judgment in this case is a joint one, and the writ of error was sued out by all the plaintiffs in error against all the defendants in error, and the case cannot be tried by piecemeal. We have been thus specific as to these matters for the reason that responsibility for the delay in this cause should be placed where it belongs. The reason why this case is not at issue is because the established practice and rules of this court have not been observed. At all times since the record was lodged here we have been, and now are, desirous of having the cause heard and decided as speedily as is consistent with full consideration, but we cannot, in defiance of the law and of the rules of court arbitrarily hasten its disposition.

*Motion denied.*